# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| Tanya Locke, individually and on behalf of all others similarly situated, § § § | |
| Plaintiff, § | |
| § | Civil Action No. |
| v. § | ___CV 622-023_____ |
| § | |
| Love & Support Counseling and Consulting, LLC § § | JURY TRIAL DEMANDED |
| § | COLLECTIVE ACTION |
| Defendant. | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Tanya Locke ("Locke" or "Plaintiff"), individually and on behalf of all other similarly situated employees, files this Complaint against Love & Support Counseling and Consulting, LLC ("Love & Support" or "Defendant"), showing in support as follows:

### I.    NATURE OF ACTION

1.    This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Defendant's failure to pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each seven-day workweek while working for Defendant paid on an hourly "straight-time" basis.

2.    Plaintiff files this lawsuit individually and as an FLSA collective action

1

on behalf of all similarly situated current and former employees of Defendant while paid on an hourly "straight-time" basis who, like Plaintiff, were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven day workweek in the time period of three years preceding the date this lawsuit was filed and forward (the "Collective Action Members").

3. Plaintiff and the Collective Action Members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II. THE PARTIES

### A. Plaintiff Tanya Locke

4. Plaintiff is an individual residing in Appling County, Georgia. Plaintiff has standing to file this lawsuit.

5. Plaintiff began working for Defendant on or about August 8, 2021. Plaintiff is a former employee. Plaintiff stopped working for Defendant on or about October 2021.

6. At all times, Plaintiff earned hourly pay at the rate of approximately $9.50 per hour for all hours worked. Defendant did not pay overtime premium pay in ethe amount of one-half Plaintiff's hourly rate for hours worked over forty (40) in addition to Plaintiff's hourly rate of pay.

7. Plaintiff's written consent to participate in this lawsuit is filed along

with this Original Complaint as Exhibit 1.

**B.** **Collective Action Members**

8. The putative Collective Action Members are all current or former employees of Defendant who are/were paid on an hourly "straight-time" basis and who are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek. Because Defendant did not pay all overtime premium compensation due to its employees paid on an hourly "straight-time" basis who routinely worked in excess of 40 hours per workweek, Plaintiff and the putative Collective Action Members are all similarly situated within the meaning of Section 216(b) of the FLSA.

9. The relevant time period for the claims of the putative Collective Action Members is three years preceding the date this lawsuit was filed and forward.

**C.** **Defendant Love & Support Counseling and Consulting, LLC**

10. Defendant is a domestic limited liability company organized under the laws of the State of Georgia.

11. During all times relevant to this lawsuit, Defendant has done business in the State of Georgia.

12. Defendant's principal place of business, as listed with the Georgia Secretary of State is 206 Queen Street, Suite #4, Vidalia, Georgia 30474.

13. At all times relevant to this lawsuit, Defendant is and has been an

"enterprise engaged in commerce" as defined by the FLSA.

14. At all times relevant to this lawsuit, Defendant employed and continues to employ two or more employees.

15. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

16. Defendant employed two or more employees who regularly engaged in commerce in their daily work, including, but not limited to: buying and selling medical equipment within the state, communications using phones with other employees and representatives.

17. Furthermore, Defendant employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include tools, equipment, and supplies/material used in connection with in-home patient healthcare.

18. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

19. Defendant may be served with summons through its registered agent Stephanie Love Ivey at 206 Queen Street, Suite 4, Vidalia, Georgia 30474.

### III. JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

21. The United States District Court for the Southern District of Georgia has personal jurisdiction over Defendant because Defendant does business in Georgia and in this District, Defendant is headquartered in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in Georgia and in this District.

22. Venue is proper in this District and/or Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District, and in this Division.

### IV. FACTUAL BACKGROUND

23. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

24. Plaintiff was employed by Defendant as a patient care assistant in connection with Defendant's at-home healthcare business operations. Defendant's patient care assistant employees offer assistance to clients with one or more of the following services: bathing, grooming, toileting, transfer/ambulation, exercise regimens, medication administration, feeding, meal preparation, cleaning, laundry,

shopping and escort. Plaintiff's primary job duties included but were not limited to providing basic medical and personal care to patients by taking vitals, help with bathing, and assist patients with taking medication when needed. Plaintiff's primary duties as were all performed at the private homes of Defendant's clients. Plaintiff did not live with any of Defendant's clients.

25. At all material times, Defendant paid Plaintiff an hourly rate of approximately $9.50 per hour for all hours worked irrespective of whether Plaintiff had already worked forty (40) hours in a workweek.

26. Plaintiff routinely worked in excess of 40 hours per workweek for Defendant. Plaintiff's weekly work schedule typically encompassed 51 hours of work for Defendant. However, Defendant did not pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each and every workweek.

27. During times relevant, Defendant employs/employed numerous other employees in connection with its at-home healthcare business operations who are/were similarly situated to Plaintiff. Those employees are/were also paid on a straight-time hourly basis, are/were not paid on a salary or fee basis, routinely work/worked in excess of 40 hours per workweek, and are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each and every workweek.

## V.  FLSA CLAIMS FOR OVERTIME PAY

28. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

29. At all relevant times, Defendant is/was an eligible and covered employer under the FLSA. *See* 29 U.S.C. § 203(d).

30. At all times relevant to this lawsuit, Defendant has been and is an enterprise engaged in commerce under the FLSA. *See* 29 U.S.C. § 203(s)(1)(A).

31. Plaintiff and putative Collective Action Members are/were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

32. Plaintiff and putative Collective Action Members were not exempt from overtime under the FLSA.

33. Plaintiff and putative Collective Action Members are/were paid on an hourly straight-time basis by Defendant.

34. At times relevant to this lawsuit, Plaintiff and putative Collective Action Members work/worked in excess of 40 hours per seven-day workweek as employees of Defendant.

35. Defendant is/was required to pay Plaintiff and putative Collective Action Members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

36. Defendant failed to pay Plaintiff and putative Collective Action Members one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit in violation of the FLSA.

37. Defendant failed to maintain and preserve payroll records which accurately show the total hours worked by Plaintiff and putative Collective Action Members, individually, on a daily and weekly basis in violation of the recordkeeping requirements of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a) & 516.5.

38. Putative Collective Action Members are/were similarly situated to Plaintiff and to each other under the FLSA. 29 U.S.C. § 216(b).

39. Defendant's violation of the FLSA, as described above, is/was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff and putative Collective Action Members were not paid overtime premium pay at the rate of time and one-half their respective regular rates of pay for all hours worked over forty in a seven-day workweek.

40. Plaintiff and putative Collective Action Members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed and forward for their FLSA claim as the result of Defendant's willful conduct. *See* 29 U.S.C. § 255(a).

41. Plaintiff and putative Collective Action Members seek all damages available for Defendant's failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VI.    COLLECTIVE ACTION CLAIMS

42. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

43. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis.

44. Plaintiff seeks to bring claims under the FLSA, 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

> **All current and former employees of Defendant who were paid straight time hourly pay for all hours worked without receiving overtime premium pay for all hours worked over forty in each seven-day workweek for the time period beginning three years prior to the filing of this lawsuit through the date of the final disposition of this action.**

45. Plaintiff has personal knowledge that other putative Collective Action Members were paid pursuant to the same policy, namely, paid an hourly rate for all hours of work without receiving overtime premium pay for all hours worked over forty (40) in each seven-day workweek.

46. The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA.

47. Defendant's failure to pay overtime wages results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

48. The specific job titles or precise job responsibilities of each putative collective action member do not prevent collective treatment.

49. Although the exact amount of damages may vary among the putative collective action members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

50. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

51. Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII.  **JURY DEMAND**

52. Plaintiff demands a jury trial on behalf of herself and the Collective Action Members on all issues.

## VIII.  DAMAGES AND PRAYER

53.  Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the putative Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

a. An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative collective action members;

b. All damages allowed by the FLSA, including back wages;

c. Liquidated damages in an amount equal to FLSA-mandated back wages;

d. Legal fees, costs and expenses, as permitted under the FLSA;

e. Pre- and Post-judgment interest, as permitted under the FLSA;

f. All other relief to which Plaintiff and the collective action members may be justly entitled.

Dated:  Tuesday, March 8, 2022

Respectfully submitted,

*DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC*

101 MARIETTA STREET
SUITE 2650
ATLANTA, GEORGIA 30303
(404) 979-3150
(404) 979-3170 (f)
michaelcaldwell@dcbflegal.com

*/S/MICHAEL A. CALDWELL*
MICHAEL A. CALDWELL
GA. BAR NO. 102775

11

By: */s/ Ricardo J. Prieto*
Ricardo J. Prieto (PHV Pending)
State Bar No. 24062947
rprieto@eeoc.net
Melinda Arbuckle (PHV Pending)
State Bar No. 24080773
marbuckle@eeoc.net
Shellist Lazarz Slobin LLP
11 Greenway Plaza, Suite 1515
Houston, TX 77046
(713) 621-2277 – Telephone
(713) 621-0993 – Facsimile

ATTORNEYS FOR PLAINTIFF AND PUTATIVE COLLECTIVE ACTION MEMBERS