# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| Tanya Locke, individually and on behalf of all others similarly situated, § § § | |
| Plaintiff, § § | |
| v. § § | Civil Action No. 6:22-cv-00023-JRH-BKE |
| Love & Support Counseling and Consulting, LLC § § § § | |
| Defendant. § | |

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENTAND TO DISMISS WITH PREJUDICE

Plaintiff Tanya Locke ("Plaintiff") and Defendant Love & Support Counseling and Consulting, LLC (collectively, the "Parties"), by and through their undersigned counsel, hereby move for approval of the Parties' Settlement Agreement and dismissal of Plaintiff's claims with prejudice, stating as follows:

1. Plaintiff filed her Complaint in this case on March 10, 2022, seeking overtime compensation under the Fair Labor Standards Act ("FLSA") (ECF No. 1.)

2. A bona fide dispute existed between the Parties, as Plaintiff claimed an entitlement to unpaid overtime wages, and Defendant maintained that the Plaintiff was paid all wages due under the FLSA.

3. Following the informal exchange of documents and information, the Parties participated in settlement negotiations, which have resulted in a settlement.

4. On July 6, 2022, the Parties fully-executed their Settlement Agreement and General Release ("Agreement"), a copy of which is attached hereto as **EXHIBIT A**. The Parties now move the Court to approve the Agreement and to dismiss this action with prejudice.

5. Under the Agreement, Defendant will pay Plaintiff a total of $4,000.00 in consideration of her underlying claims, including for alleged unpaid overtime and liquidated damages in violation of the FLSA, in exchange for a release and the dismissal of all of Plaintiff's claims.[1] Plaintiff has confirmed that this amount provides all possible relief for claims for unpaid minimum wage and overtime pay under the FLSA, based on her documented work hours. Thus, Plaintiff believes that the settlement amounts can be properly characterized as settlement "without compromise."

6. In addition to the payment outlined in Paragraph 7 above, Defendant will pay to Plaintiff's counsel $2,310.00 for attorneys' fees and costs. Undersigned counsel avers that the attorneys' fee portion of the settlement was negotiated apart from, and subsequent to, agreement on the amount of settlement funds to be paid to

---

[1] Plaintiff will receive $845.00 in alleged unpaid minimum wage and overtime pay and $845.00 in liquidated damages.

the Plaintiff. The Parties jointly submit that the settlement reached herein is fair and reasonable.

7. In accordance with the Eleventh Circuit precedent *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F. 2d 1350, 1353 (11th Cir. 1982), and the Local Rules of this Court, the Parties request that the Court approve their Agreement.

8. In support of this Motion, the Parties stipulate that: (a) the settlement of this matter is fair and reasonable; (b) the attorneys' fees to be paid by Defendant to resolve Plaintiff's claims under the FLSA, are fair and reasonable, and were negotiated separately from the amount for Plaintiff's underlying claims; and (c) there was no undue influence, overreaching, collusion, or intimidation in reaching the settlement.

## MEMORANDUM OF LAW

Pursuant to the law of this Circuit, judicial review and approval of this tentative settlement provides final and binding effect to an agreement to settle a compromise of a claim under the FLSA. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F. 2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn's Food Stores,* there are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under Section 216(c) of the FLSA, the Secretary of Labor is authorized to supervise payment to employees of

unpaid wages owed to them. The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under FLSA Section 216(b) to recover unpaid overtime. When employees bring a private action for unpaid overtime under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Id*. at 1352-53.

Before approving an FLSA settlement, the court must ensure that it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354.

In determining whether the Parties' Agreement is fair and reasonable, the Court should consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible discovery; and (6) the opinions of counsel. *See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F. 3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3 (M.D. Fla. Jan. 8, 2007). There is a strong presumption in favor of finding a settlement fair.

*Hamilton*, 2007 U.S. Dist. LEXIS at *2-3; *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

Here, the Parties jointly submit there has been sufficient investigation and exchange of information to allow counsel for Plaintiff and Defendant to evaluate the Parties' claims and defenses and make recommendations to each party in agreeing upon the resolution of Plaintiff's claims as set forth in their Agreement.

After exchanging information concerning Plaintiff's employment, working hours and pay, engaging in settlement negotiations which lasted over a month, and in order to avoid the uncertainties and costs of dispositive motions and trial, a compromise has been agreed upon with Plaintiff receiving a recovery acceptable to her (which takes into account Plaintiff's personal interest in ending litigation at this stage and the inherent uncertainties of litigation).

Moreover, Plaintiff is fully apprised of her potential damages and liquidated damages were she to prevail, is represented by counsel, and has voluntarily chosen to accept this settlement. The Plaintiff has been advised that if she proceeds in this matter, she may prove all of the damages, or a jury may choose to credit the employer's position, and that she may receive a lesser, or no, recovery. In light of this uncertainty, Plaintiff agrees that the $845.00 she is receiving for damages on her unpaid overtime pay claims, plus an equal amount of $845.00 in liquidated damages in this settlement constitutes a reasonable and informed compromise of her claims.

Indeed, after reviewing the available time and pay records, Plaintiff believes she is receiving all monies potentially due to her under the FLSA under the settlement.

Accordingly, in light of Defendant's agreement to pay Plaintiff the total sum of $1,690.00, separate and apart from her attorneys' fees, including consideration for her unpaid minimum wage and overtime pay and liquidated damages, the Parties stipulate that their Agreement is fair and reasonable.

Further, the attorneys' fees and costs are not a percentage of Plaintiff's recovery in this case, such that there is no correlation between the amount of monetary consideration being paid to Plaintiff and the amount of attorneys' fees and costs being paid by Defendant on Plaintiff's behalf. *See* 29 U.S.C. §216(b); *Kreager v. Solomon & Flanagan, P.A.*, 775 F. 2d 1541, 1542 (11th Cir. 1985). Rather, Plaintiff's attorneys' fees and costs were claimed by Plaintiff and her counsel separate and apart from the amounts sought by Plaintiff for her underlying claims, and were negotiated independently.

As Judge Presnell explained in *Bonetti v. Embarq Management Co.,* 715 F. Supp. 2d 1222, 1228 (M.D. Fla. Aug. 4, 2009), where a plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees

paid to her attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

The compromise agreed upon by the Parties resolves all of Plaintiff's claims for attorneys' fees and Plaintiff has no responsibility to her counsel for any out of pocket sums. Importantly, throughout the entirety of the litigation in this case, Plaintiff was represented by competent counsel with experience in labor and employment law and Defendant also has been represented by experienced counsel. The Parties further advise the Court that their settlement agreement submitted herewith includes every term and condition of the Parties' settlement.

**WHEREFORE**, Plaintiff and Defendant respectfully move for entry of an Order, ordering the following:

(1)   Approving the Parties' settlement of the instant disputed claims as fair and reasonable;

(2)   Dismissing this action with prejudice;

(3)   Retaining jurisdiction for enforcement of the settlement agreement; and

(4)   Any other relief that this Court deems just and appropriate.

Respectfully submitted, this 13th day of July, 2022.

By:

| | |
|---|---|
| */s/ Melinda Arbuckle* | */s/ Halima H. White* |
| Melinda Arbuckle (pro hac vice) | Halima H. White |
| Texas Bar No. 24080773 | Ga. Bar No. 378888 |
| marbuckle@eeoc.net | hwhite@theemploymentlawsolution.com |
| Shellist Lazarz Slobin LLP | The Employment Law Solution |
| 11 Greenway Plaza, Suite 1515 | McFadden Davis, LLC |
| Houston, TX 77046 | 800 Mt. Vernon Hwy., NE, Suite 410 |
| (713) 621-2277 – Telephone | Atlanta, GA 30328 |
| (713) 621-0993 – Facsimile | Tel: 678-424-1380 |
| | Fax: 404-891-6840 |
| | |
| | ATTORNEY FOR DEFENDANT |
| ATTORNEYS FOR PLAINTIFF | |