IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

TANYA LOCKE,                        *
                                    *
        Plaintiff,                  *
                                    *
        v.                          *          CV 622-023
                                    *
LOVE & SUPPORT COUNSELING AND       *
CONSULTING, LLC,                    *
                                    *
        Defendant.                  *

------------------

O R D E R

------------------

Before the Court is the Parties' "Joint Motion to Approve
Settlement Agreement[ ]and to Dismiss with Prejudice." (Doc. 19.)
Plaintiff brings claims pursuant to Section 216(b) of the Fair
Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201
et seq. (Compl., Doc. 1.) Plaintiff seeks recovery of back wages,
liquidated damages, legal fees, costs, and interest. (Id. at 2.)
For the following reasons, the Parties' motion is **DENIED**.


I. DISCUSSION

Congress enacted the FLSA to protect workers from oppressive
working hours and substandard wages. Barrentine v. Ark.-Best
Freight Sys., Inc., 450 U.S. 728, 739 (1981). Because workers and
employers often possess unequal bargaining power, Congress made
the FLSA's wage and hour limitations mandatory. Brooklyn Sav.

Bank v. O'Neil, 324 U.S. 697, 706–07 (1945). Making the provisions mandatory meant eliminating the ability of workers and employers to negotiate an employment arrangement falling below FLSA's minimum employee protections. Barrentine, 450 U.S. at 740.

Accordingly, FLSA's provisions are not subject to bargaining, waiver, or modification either by contract or settlement, save for two narrow exceptions. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The first exception involves actions taken by the Secretary of Labor and, therefore, is inapplicable to the proposed settlement in this case. See id. at 1353. The second exception, which applies here, permits settlement when employees bring a private action for back wages under 29 U.S.C. § 216(b). Id. In such an instance, the Parties must present the proposed settlement to the Court, and the Court may approve it "after scrutinizing the settlement for fairness." Id. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,]" then the court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." Id. at 1354. When the employee is represented by counsel in an adversarial context, there is some assurance that "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's

overreaching." Id. The settlement can cover back wages, liquidated damages, reasonable attorney's fees, and costs of the action. 29 U.S.C. § 216(b).

Before accepting the proposed settlement, the Court must determine whether a true conflict exists. A true conflict requires a bona fide dispute over FLSA provisions. Lynn's Food Stores, 679 F.2d at 1354-55. Initiation of "a suit brought by employees under the FLSA for back wages . . . provides some assurance of an adversarial context." Id. at 1354; accord Barnes v. Ferrell Elec., Inc., No. CV 113-056, 2013 WL 5651903, at *1 (S.D. Ga. Oct. 16, 2013) ("Plaintiff filed suit and is represented by counsel, which provides some indication that a true conflict exists between Plaintiff and [his] employer.").

**A. Bona Fide Dispute**

Here, Plaintiff filed suit and is represented by counsel, suggesting a true adversarial conflict exists. Additionally, Plaintiff asserts she is entitled to unpaid overtime wages, and Defendant maintained Plaintiff was paid all wages due. (Doc. 19, at 1.) Thus, the Court finds the presence of a bona fide dispute. Nevertheless, the Court rejects the proposed settlement for the following reasons.

**B. Release Provision**

First, the Court takes issue with the proposed release provision. (See Doc. 19-1, at 3.) "'Although inconsequential in

the typical civil case (for which settlement requires no judicial review), an employer is not entitled to use a FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA.'" Webb v. CVS Caremark Corp., No. 5:11-CV-106, 2011 WL 6743284, at *3 (M.D. Ga. Dec. 23, 2011) (quoting Moreno v. Regions Bank, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010)).   "[A] pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer." Moreno, 729 F. Supp. 2d at 1352. This Court has previously ruled that settlement agreements which preclude suit on non-FLSA related claims are too pervasive to be fair and reasonable.   See Melvin v. People Sales & Profit Co., No. CV 214-012, 2015 WL 13648559, at *1 (S.D. Ga. Jan. 23, 2015); see also Cantrell v. Bryan Cnty. Bd. of Educ. & Am. United Life Ins. Co., No. CV 415-169, 2015 WL 10057707, at *2 (S.D. Ga. Dec. 21, 2015).   The release clause in the proposed settlement agreement contains the following language releasing Defendant from:

> any and all claims of any and every nature, whether known or unknown, unrestricted in any way by the nature of the claim, including, though not by way of limitation, all claims of violation of the [FLSA], Title VII of the Civil Rights Act of 1964, . . . the Age Discrimination in Employment Act of 1967, . . . the Americans with Disabilities Act, . . . the federal Family and Medical Leave Act, . . . and the Employee Retirement Income Security Act of 1974, . . . ; intentional infliction of emotional distress and all other claims sounding in tort or contract, all claims for promissory estoppel, all claims for wrongful discharge and any other federal,

4

> state, or local statutory, constitutional, or common law
> claims, actions, liabilities or judgments . . . .

(Doc. 19-1, at 3.)   The Court finds this is overly broad and releases Defendant from non-FLSA claims, making it impermissibly pervasive.   See Melvin, 2015 WL 13648559, at *1 (finding a settlement agreement that would release defendant from "not only from FLSA claims, but also from 'all possible claims,'" too pervasive); Cantrell, 2015 WL 10057707, at *2 (determining a settlement agreement that would require plaintiffs to "release, settle and extinguish forever all claims which were asserted or which could have been asserted, whether known or unknown, accrued or unaccrued as of the date of this Release" was unacceptably pervasive).   Therefore, the Court will not approve the settlement and instructs the Parties to be wary of this District's prior decisions when editing the language of the proposed release.

## C. Attorney's Fees

Next, the Court takes issue with the proposed attorney's fees. Based on the information provided, the Court cannot determine if the amount of attorney's fees requested is reasonable.   The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009).   The Parties' proposed settlement

agreement awards attorney's fees and costs in the amount of $2,310.00. (Doc. 19-1, at 1.) The Parties argue, by citation to a Middle District of Florida case, that since the fees were agreed upon separately and without regard to Plaintiff's recovery, and there was no compromise in this case, no analysis needs to be done. (Doc. 19, at 2, 6-7.) However, that is not the practice of this Court and the Parties have not provided enough documentation on how attorney's fees were calculated for the Court to complete its analysis. See Lynch v. Equity Auto Loan, LLC, No. CV410-058, 2011 WL 13284447, at *1 (S.D. Ga. Feb. 7, 2011) ("The Court cannot fulfill its duty of inquiry with absolutely no documentation as to how attorney's fees were computed."); Cummings v. Bignault & Carter, LLC, No. CV418-244, 2019 WL 2207656, at *2 (S.D. Ga. May 21, 2019) (explaining that "one of the most basic tenants of the FLSA" is "demonstrat[ing] to the Court that any requested attorney's fee is reasonable").

The Court cannot blindly accept the Parties' representations without more documentation. For the Court to properly consider whether $2,310.00 is reasonable for attorney's fees and costs, the Parties must provide documentation to demonstrate how the agreed upon amount is reasonable in light of the work required in this case. The Parties should keep in mind that the Court uses the lodestar method as a guide when determining what is reasonable and "any compensation for attorney['s] fees beyond that justified by

6

the lodestar method are unreasonable unless exceptional circumstances would justify such an award." Kyles v. Health First, Inc., No. 6:09-CV-1248, 2010 WL 11626713, at *2 (M.D. Fla. Oct. 26, 2010); Lynch, 2011 WL 13284447, at *2. The Parties should provide records that show the time spent on the case, the general subject matter of the time expenditures, fairly definite information concerning activities by each attorney, and bear in mind that time spent on purely clerical tasks is not reimbursable and shall be omitted. See Norman v. BPR Brampton LLC, No. 6:20-cv-95, 2021 WL 2877601, at *5 (S.D. Ga. July 8, 2021). If the Parties submit a revised proposed settlement agreement, Plaintiff's counsel shall submit a ledger or itemization outlining the specific expenses making up the calculation of the proposed attorney's fees.

## D. Non-Disparagement and Confidentiality Provisions

Finally, the Court takes issue with the non-disparagement and confidentiality provisions of the proposed settlement. "Provisions in a FLSA settlement agreement that call for keeping the terms of the settlement confidential or prohibiting disparaging remarks contravene FLSA policy and attempt to limit an individual's rights under the First Amendment." Norman, 2021 WL 2877601, at *2 (quoting Housen v. Econosweep & Maint. Servs., Inc., No. 3:12-cv-461, 2013 WL 2455958, at *2 (M.D. Fla. June 6, 2013)). "Confidentiality provisions in FSLA settlement agreements are

strongly disfavored" because such provisions "thwart[] the informational objective of the notice requirement by silencing the employee who has vindicated a disputed FLSA right." Weaver v. Coastal Autism Therapy Ctr., Inc., No. 4:20-cv-230, 2021 WL 5541786 at *1 (S.D. Ga. Mar. 30, 2021) (citations omitted). The proposed non-disparagement provision provides: "LOCKE agrees that LOCKE will not disparage or criticize LOVE & SUPPORT or its management philosophies, employees, direction, or values in communications with third parties. Similarly, LOVE & SUPPORT agrees that its management level employees will not disparage or criticize LOCKE in communications with third parties." (Doc. 19-1, at 4.) And the proposed confidentiality provision provides: "LOCKE agrees not to disclose the terms of this Settlement Agreement and amount of settlement with anyone other than LOCKE's attorneys, accountants, or spouse. . . ." (Id.) Both provisions run afoul of FLSA policy, and the Court will not approve them. If the Parties submit a revised settlement agreement, any non-disparagement and confidentiality clauses should be narrowly tailored to avoid infringing upon Plaintiff's right to speak truthfully about this case or any potential settlement, which would be a matter of public record.

## II. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Parties' "Joint Motion to Approve Settlement Agreement[ ]and to Dismiss with Prejudice" (Doc. 19) is **DENIED**. Within **TWENTY-ONE (21) DAYS** of the date of this Order, the Parties may file on the public docket a revised motion for approval of settlement agreement with an amended agreement appended that addresses the issues discussed herein. If the Parties do not move for approval of a revised settlement agreement within **TWENTY-ONE (21) DAYS**, the Court **DIRECTS** the Parties to submit a report setting forth the status of settlement discussions.

**ORDER ENTERED** at Augusta, Georgia, this ___18th___ day of August, 2022.

_____

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA